IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED
NOV 21 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| SHEILA B. McGREAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 11-cv-08317 |
| AT&T CORP. and ILLINOIS BELL ) | Judge Ruben Castillo |
| TELEPHONE d/b/a AT&T ILLINOIS, ) | Magistrate Judge Arlander Keys |
| THE VILLAGE OF ORLAND PARK, ) | |
| TIMOTHY J. McCARTHY, THOMAS MELODY, ) | |
| AND DENNIS V. STOIA ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES Plaintiff, SHEILA B. McGREAL, *in properia persona*, complaining of Defendants, AT&T CORP. and ILLINOIS BELL TELEPHONE d/b/a AT&T ILLINOIS (collectively "AT&T"), THE VILLAGE OF ORLAND PARK, TIMOTHY J. McCARTHY, THOMAS MELODY, and DENNIS V. STOIA, and states as follows:

**Introduction**

1. This action is brought under 42 U.S.C. §§ 1983 and 1985 to redress the deprivation under color of law of Plaintiff's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and under Federal laws and Illinois state laws.

1

2. Without lawful authority, and without the Plaintiff's consent, Defendants AT&T provided defendants VILLAGE OF ORLAND PARK, TIMOTHY J. McCARTHY, THOMAS MELODY, and DENNIS V. STOIA with the Plaintiff's private cellular telephone records and text messaging records.

3. The Village Defendants then made the private cellular telephone records and text messaging records public causing Plaintiff damages, including damage to reputation and emotional distress.

### Jurisdiction and Venue

4. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 & 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the Defendants reside in this judicial district, and the events giving rise to the claims asserted here all occurred within the district.

### Background

6. The Plaintiff is a married 56-year old woman with 3 sons and 2 grandchildren, resides in Alsip, Illinois, and has been licensed by the State of Illinois as a Registered Nurse for more than 35 years.

7. The Plaintiff is licensed by the State of Illinois as an Adult Nurse Practitioner and as a Certified Nursing Specialist.

8. The Plaintiff is currently, and has been, an elected public official in the Village of Alsip, Illinois for 23 years.

9. At all times material hereto defendant AT&T was a public corporation present and doing business in the Chicago area employing more than 500 people.

10. At all times material hereto Defendant Village of Orland Park was a municipal corporation located primarily within Cook County Illinois.

11. At all times material hereto Defendant TIMOTHY J. McCARTHY was an employee of the Village of Orland Park, Illinois employed as the Chief of Police. Defendant TIMOTHY J. McCARTHY is named in his official and individual capacities.

12. At all times material hereto Defendant THOMAS MELODY was an attorney representing Village of Orland Park Chief of Police defendant TIMOTHY J. McCARTHY.

13. Defendants VILLAGE OF ORLAND PARK, TIMOTHY J. McCARTHY, and THOMAS MELODY are collectively referred to as "Village Defendants".

14. At all times material hereto Defendant DENNIS V. STOIA was an arbitrator hired and paid by Defendant VILLAGE OF ORLAND PARK to arbitrate grievances, an unfair labor practice complaint, and charges of misconduct involving the possible discipline of a Police Officer.

15. On September 28, 2010 the Plaintiff became aware that legal counsel for Defendant VILLAGE OF ORLAND PARK had requested that a *subpoena duces tecum* be issued by Defendant DENNIS V. STOIA for various records regarding the Plaintiff's private cellular telephone account and text messaging account with AT&T.

16. On October 12, 2011, in response to the *subpoena duces tecum* the Plaintiff filed a motion to quash and a memorandum of law regarding the *subpoena duces tecum* with Defendant DENNIS V. STOIA and filed the same motion to quash and a memorandum of law regarding the *subpoena duces tecum* with Defendant AT&T.

17. The Plaintiff is not a party to the collective bargaining agreement between defendant VILLAGE OF ORLAND PARK and the Orland Park Police Union and thus the Plaintiff is not subject to pre-hearing *subpoena duces tecum* issued on the authority of the Illinois Public Labor Relations Act or the Illinois Uniform Arbitration Act.

18. In point of fact Section 7 of the Federal Arbitration Act (FAA), 9 U.S.C. § 7 and current case law expressly excludes an arbitrator from compelling a non-party witness to participate in pre-arbitration discovery.

19. As the FAA controls non-party pre-arbitration discovery Defendant DENNIS V. STOIA did not possess lawful authority to issue a *subpoena duces tecum* for the Plaintiff's private cellular telephone records and text messaging records because

4

the Plaintiff never granted her permission for the release of those records and in any event is a non-party to any hearings between the Village of Orland Park and members of its police union.

20. The Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2702(a)(3), requires the issuance and receipt of a valid court order or search warrant from a court of competent jurisdiction before the provider of electronic communication services such as AT&T may release the documents sought in the *subpoena duces tecum* requested by defendant VILLAGE OF ORLAND PARK and issued by defendant DENNIS V. STOIA.

21. Defendant DENNIS V. STOIA does not possess the authority to issue a valid court order or search warrant.

22. On October 25, 2010 AT&T notified the Plaintiff by facsimile notice that they were in receipt of the Plaintiff's motion to quash the subpoena duces tecum issued by Defendant DENNIS V. STOIA and that AT&T would not release any records until the arbitrator ruled on the motion.

23. On November 25, 2010 the Plaintiff learned that AT&T had released her private cellular telephone records and text messaging records by mistake and had provided them to defendant VILLAGE OF ORLAND PARK.

24. On December 3, 2010 the Plaintiff filed with Defendant VILLAGE OF ORLAND PARK and to defendant DENNIS V. STOIA a reply to the Village's Response to the Motion to Quash.

25. The December 3, 2010 reply included two exhibits; an affidavit and an audio CD that contained two telephone messages left by AT&T managers that the Plaintiff's telephone records had been released to defendant VILLAGE OF ORLAND PARK <u>in error</u>.

26. Also on December 3, 2010 in response to the subpoena duces tecum the Plaintiff wrote to the defendant VILLAGE OF ORLAND PARK's legal counsel, defendant THOMAS MELODY, and to Defendant DENNIS V. STOIA that Plaintiff "*consider(ed) this an unlawful and actionable invasion of (her) privacy. For that reason I ask that you immediately return all copies of documents that you received in error from AT&T*".

27. Despite Plaintiff's notice to defendant THOMAS MELODY and defendant DENNIS V. STOIA, defendant VILLAGE OF ORLAND PARK made public the Plaintiff's private cellular telephone records and text messaging records without the Plaintiff's consent.

28. Of the thousands of Plaintiff's cellular telephone records and text message records made public by the defendants some are likely to contain telephone numbers that constitute individually identifiable health information of the Plaintiff's patients.

29. The unauthorized disclosure of individually identifiable health information is a criminal violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

30. Further, the Defendant's without cause have publicly defamed the Plaintiff by alleging that the Plaintiff has made *"misrepresentations"*, *"concealed lies"*, *"schemed"*, had been *"untruthful"*, *"made false statements"*, *"engaged in a conspiracy"*, was *"disingenuous"*, and made *"dishonest attempts."*

### Legal Claims

### Count I -- 42 U.S.C. § 1983
### Unreasonable Search and Seizure

31. Each Paragraph of this Complaint is incorporated herein.

32. As described above, the Plaintiff's private cellular telephone records and text messaging records were searched and seized by one or more of the Defendants in a manner which violated the Fourth Amendment.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

34. As a result of the unjustified violation of Plaintiff's rights by the Defendants, undertaken pursuant to the Village's

policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count II -- 42 U.S.C. § 1985
### Conspiracy

35. Each Paragraph of this Complaint is incorporated herein.

36. As described above, the Defendants acted in concert to unlawfully obtain the Plaintiff's cellular telephone records and text messaging records that were searched and seized by one or more of the Defendants in a manner which violated the Fourteenth Amendment.

37. As described more fully in the preceding paragraphs, Defendants, acting in concert with other coconspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means in a manner actionable under State law and Federal law. In furtherance of said conspiracy Defendants committed overt acts and were otherwise willful participants in joint activity.

38. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

39. As a result of the unjustified violation of Plaintiff's rights by the Defendants, undertaken pursuant to the Village's

policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count III -- 18 U.S.C. § 2702(a)(3)
### Prohibited Disclosure of Customer Communications or Records

40. The Plaintiff did not provide any party at any time with permission to make public her private telephone records.

41. Defendant AT&T violated the Plaintiff's right to telephone privacy guaranteed by the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2702(a)(3), by providing the Plaintiff's private cellular telephone records and text messaging records to one or more of the Defendants.

42. Defendant AT&T released and made public the Plaintiff's private cellular telephone records and text messaging records without a valid court order from a competent jurisdiction having been issued.

### Count IV -- State Law Claim
### Intrusion Upon Seclusion

43. Each Paragraph of this Complaint is incorporated herein.

44. As described in the preceding paragraphs, the conduct of one or more Defendant, acting under color of law and within the scope of their employment, constituted unjustified and offensive invasion of Plaintiff's privacy, undertaken willfully

and wantonly, Plaintiff has suffered injury, including emotional distress.

45. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's right to privacy.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

### Count V -- State Law Claim
### Respondeat Superior

47. Each Paragraph of this Complaint is incorporated herein.

48. In committing the acts alleged in the preceding paragraphs, the Village Defendants were members and agents of defendant VILLAGE OF ORLAND PARK acting at all relevant times within the scope of their employment.

49. Defendant Village of Orland Park is liable as principal for all torts committed by its agents.

### COUNT VI -- State Law Claim
### Defamation of Character (Per Se)

50. Each Paragraph of this Complaint is incorporated herein.

51. One or more of the Village Defendants made public statements against the Plaintiff's veracity and integrity. Plaintiff has worked hard and earned herself an impeccable

10

personal and professional reputation which the defendants have damaged without cause.

52. Veracity and integrity are two required traits for Registered Nurses, Clinical Nurse Practitioners, Adult Nurse Practitioners, and politicians. The defendant's actions have resulted in the Plaintiff having suffered significant injury to her reputation without cause, as well as emotional distress.

### COUNT VII -- State Law Claim
### Indemnification

53. Each Paragraph of this Complaint is incorporated herein.

54. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

55. The Village Defendants are employees of defendant VILLAGE OF ORLAND PARK who acted within the scope of their employment in committing the misconduct described above.

56. In committing the acts alleged in the preceding paragraphs, Defendants were members of, and agents of, defendant VILLAGE OF ORLAND PARK, acting at all relevant times, within the scope of their employment and under color of law. Defendant VILLAGE OF ORLAND PARK is liable as principal for all torts committed by its agents.

57. As a matter of both policy and practice, Defendant VILLAGE OF ORLAND PARK directly encourages the very type of misconduct at issue here. In this way, Defendant Village of Orland Park proximately caused the violation of Plaintiff's rights by maintaining policies and practices which were the moving force driving the foregoing constitutional violations.

58. The above-described Village of Orland Park widespread practices, so well-settled as to constitute *de facto* policy in the Village of Orland Park, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

59. The widespread practices described in the preceding paragraphs were allowed to flourish because Defendant Village of Orland Park declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment. Indeed, Defendant Village of Orland Park's system for investigating and disciplining its employees accused of misconduct was, and is, for all practical purposes, nonexistent. As a result, employees are led to believe that they can act with impunity, thereby encouraging the very type of abuses which befell Plaintiff.

60. All of the Defendants' interactions with Plaintiff were undertaken under color of law, and within the scope of their employment.

61. Because each Defendant acted within the scope of his employment, the Village of Orland Park is therefore liable as each Defendant's employer for any resulting damages and award of attorneys' fees.

### Prayer for Relief

WHEREFORE, Plaintiff, SHEILA B. McGREAL, respectfully requests that this Court enter judgment in her favor and against Defendants, AT&T, THE VILLAGE OF ORLAND PARK, TIMOTHY J. McCARTHY, THOMAS MELODY, and DENNIS V. STOIA and that this court:

- A. Award the Plaintiff injunctive relief for the return of all original and copies of the documents obtained from AT&T;
- B. Award the Plaintiff compensatory damages and attorneys' fees, along with punitive damages against the Defendants in their individual capacities;
- C. Grant any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiff, SHEILA B. McGREAL, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

*[signature: Sheila B. McGreal, Pro Se]*

Sheila B. McGreal, *Pro Se*
11532 S. LaVergne Avenue
Alsip, IL 60803-3921
708-577-8009